# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ALMA GLORIA MIA SILVA, | § | |
| | § | Civil Action No. 4:21-cv-210 |
| Plaintiff | § | Judge Mazzant |
| | § | |
| v. | § | |
| | § | |
| BOKF, NA D/B/A BANK OF TEXAS, | § | |
| AND WILLIAM OLSEN, | § | |
| | § | |
| Defendants | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand (Dkt. #8). Having considered the motion and briefing, the Court **GRANTS** the motion and **REMANDS** the case to the 298th Judicial District of Texas for further proceedings.

## BACKGROUND

This case concerns an alleged theft from a trust fund by the trustee. Plaintiff Alma Gloria Mia Silva is the sole beneficiary of the Alma Gloria Mia Silva Management Trust (the "Trust"). Her father established the Trust when she was eight years old before his tragic death. Defendant Bank of Texas is trustee. Defendant William Olsen ("Olsen") is the former Trust Officer of the Trust and Vice President of Bank of Texas. Plaintiff's father established the Trust with approximately $800,000. Within four years of his death, the Trust ran out of money. Plaintiff alleges Olsen depleted the Trust by purchasing cars, trips, and extravagances for Plaintiff's mother. Plaintiff alleges Olsen fell in love with Plaintiff's mother and desired to shower her with gifts, in breach of his fiduciary duty.

Olsen's actions as Trust Officer resulted in an investigation by the Office of the Comptroller of the Currency (the "OCC") in 2019. The OCC is an independent bureau within the

United States Department of the Treasury that serves to charter, regulate, and supervise all national banks and thrift institutions and the federally licensed branches and agencies of foreign banks in the United States. The OCC found that Olsen engaged in violations of law and banking regulation, engaged in reckless unsafe or unsound practices, and breached his fiduciary duty to Bank of Texas. Based on these violations, Olsen entered into a Consent Order, which ordered him to pay a civil money penalty and cease participation in banking-related employment.

On February 2, 2021, Plaintiff sued asserting state law claims against Bank of Texas and Olsen in the Judicial District Court of Dallas County, Texas (Dkt. #3). On March 19, 2021, Olsen removed to this federal court based on federal question jurisdiction (Dkt. #1). On April 1, 2021, Plaintiff moved to remand the case to Texas state court (Dkt. #8). On April 9, 2021, Olsen filed a response (Dkt. #9). On April 13, 2021, Olsen filed a supplemental exhibit containing the Consent Order (Dkt. #13). On April 15, 2021, Plaintiff filed a reply (Dkt. #14).

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," or over civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332. The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zurich Am. Ins. Co.*, No. H-10-1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct. 1, 2010). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82

(5th Cir. 2007). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

A federal court has federal question jurisdiction over an action only if "a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). The complaint must establish that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006); *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009). Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see also Singh v. Duane Morris, LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). An exception to the well-pleaded complaint rule is the doctrine of complete preemption. *Westfall v. Bevan*, CIV.A.308-CV-0996-D, 2009 WL 111577, at *3 (N.D. Tex. Jan. 15, 2009). The doctrine "recharacterizes preempted state law claims as arising under federal law for the purposes of determining federal question jurisdiction, typically making removal available to the defendant." *McClelland v. Gronwaldt*, 155 F.3d 507, 516 (5th Cir. 1998) (internal quotations removed), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003).

**ANALYSIS**

Plaintiff moves to remand the case to state court. As a threshold, the Court notes that Olsen

3

improperly removed the case to the wrong judicial district. When a civil action is removed from state court, the defendant must file in the district court for the district and division within which such action is pending. 28 U.S.C. § 1446. Plaintiff's complaint was originally filed in the Judicial District Court of Dallas County, Texas (Dkt. #3). Dallas County is in the Northern District of Texas, yet Olsen removed the case to the Eastern District of Texas. This is improper.

Still, the Court maintains jurisdiction to rule on Plaintiff's motion to remand. The Fifth Circuit has held that "removal to the incorrect judicial district is procedural error and does not divest the district court of jurisdiction over a removed action." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 550 (5th Cir. 2020). Thus, even though Olsen improperly removed the case to the Eastern District of Texas, the Court considers the merits of Plaintiff's motion to remand.

## I. Remand

The parties dispute whether the Court has subject matter jurisdiction based on a federal question. Plaintiff argues the case should be remanded to state court because the complaint only contains state claims for breach of fiduciary duty, breach of contract, fraud, money had and received, negligence, and gross negligence (Dkt. #3).

Olsen counters that there is a federal question because "Plaintiff's claim arises under a statutory federal right to have a national bank and its officer properly manage her trust." (Dkt. #9 at p. 7). Because Plaintiff "may assert her federal claim for breach of fiduciary duty," Olsen argues the Court has jurisdiction (Dkt. #9 at p. 7).

This is incorrect. The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff only asserts state claims (*See* Dkt. #3). She does not allege any federal causes of action (*See* Dkt. #3). Because Plaintiff only asserts state

4

claims, federal law does not create her causes of action. *See id.*

Olsen argues removal was proper because Olsen entered a Consent Order with the OCC, under 12 U.S.C. § 1818(e) and (i). Olsen argues this creates a federal question of "preemption of state law" by the government "that would establish res judicata." (Dkt. #1 at p. 2). Olsen provides no legal support for this argument (Dkt. #9 at p. 11)

As context, the Consent Order stems from an investigation by the Department of the Treasury into Olsen's professional practices while Vice President for Bank of Texas (*See* Dkt. #1, Exhibit 1 at pp. 1-5). The Consent Order did not involve Plaintiff, did not result in restitution for Plaintiff, and did not require Olsen to admit any wrongdoing (*See* Dkt. #1). Instead, the Consent Order removed Olsen from his banking position, barred him from certain future employment, and ordered him to pay a $20,000 civil penalty to the Government (Dkt. #1 at pp. 5-7). The Consent Order was only designed to remove Olsen from participating in the affairs of an insured depository institution; it did not serve as a judicial determination against Olsen (Dkt. #1 at p. 5). Olsen's actions involving the Trust precipitated the investigation, but Plaintiff does not seek to enforce or modify the Consent Order (*See* Dkt. #3). Plaintiff only seeks to recover funds stolen from the Trust (*See* Dkt. #3; Dkt. #14). Olsen now argues that the Consent Order preempts Plaintiff's state contract and tort claims and establishes res judicata.

The Consent Order does not preempt state contract and tort claims. Federal preemption requires Congressional intent or an actual conflict between the federal and state law. *Wisconsin Pub. Intervenor v. Mortier*, 501 U.S. 597, 604-05 (1991). For federal banking laws, courts determine whether the state law "prevent[s] or significantly interfere[s] with the national bank's exercise of its powers." *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 33 (1996). Olsen argues the Consent Order preempts, but never identifies a state regulation, policy, or

standard implicated by the Consent Order (*See* Dkt. #1; Dkt. #9). Olsen cites no supporting cases for this bold proposition.

Many courts have rejected Olsen's argument and found that similar state-law tort claims are not preempted. *See White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1358, 1367 (N.D. Ga. 2008) (rejecting argument that plaintiffs' state law contract and tort claims were preempted by the OCC); *In re HSBC BANK, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 45 (E.D.N.Y. 2014) ("federal courts addressing this type of alleged misconduct have declined to hold that state claims, based on both statutory and common law, are preempted by the [National Bank Act] or OCC regulations"); *Trombley v. Bank of Am. Corp.*, 715 F.Supp.2d 290, 296 (D.R.I.2010) ("The state laws upon which plaintiffs base their claim that [Bank of America] violated the duty of good faith and fair dealing are not preempted and the claim will not be dismissed."); *Great W. Res., LLC v. Bank of Ark., Nat'l Ass'n*, No. 05–5152, 2006 WL 626375, at *3–4 (W.D. Ark. Mar. 13, 2006) (declining to dismiss breach of contract, Arkansas Deceptive Trade Practices Act, conversion, and breach of implied covenant of good faith claims on grounds of preemption). With no argument and no legal support, Olsen does not meet his burden to establish jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Olsen's reference to res judicata fares no better. Olsen seems to suggest that because Olsen was in trouble with the OCC, he cannot be held responsible for similar conduct in any other venue by any other person (*See* Dkt. #9). Again, Olsen cites no support (*See* Dkt. #1; Dkt. #9). Res judicata, or claim preclusion, prevents parties from raising issues that could have been raised and decided in a prior action. *Houston Prof'l Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016). Res judicata has four elements: (1) the parties are identical or in privity; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior action was a final

judgment on the merits; and (4) both actions have the same claim or cause of action. *Id.* Olsen provides no argument on why these elements are met (*See* Dkt. #1, Dkt. #9). Still, res judicata is wholly inapplicable: Plaintiff was never a party or in privity to the Consent Order; the Consent Order was expressly *not* a final judgment on the merits; and the Consent Order removed Olsen from participating in the affairs of any "insured depository institution," in contrast to Plaintiff's state law claims (*See* Dkt. #1, Exhibit 1 (Consent Order)). Res judicata does not apply.

Because Plaintiff asserts no federal claims and the parties are not diverse,[1] the Court does not have original jurisdiction. Removal was improper and the case should be remanded to state court.

## II. Costs, Fees, and Expenses

Plaintiff moves for costs, fees, and expenses related to this motion. Olsen argues attorney's fees are unwarranted because he raises a good faith defense against remand.

The Court finds that Plaintiff is entitled to attorney's fees because removal was objectively unreasonable and Olsen cited overruled cases. The "decision to grant or deny attorney's fees under § 1447(c) is discretionary." *Western Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-cv-565-L, 2016 WL 7735761, at *2 (N.D. Tex. Dec. 28, 2016) (citing *Admiral Ins. Co. v. Abshire*, 574 F.2d 267, 280 (5th Cir. 2009)), rec. accepted, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017). The standard for awarding fees under § 1447(c) "turns on the reasonableness of the removal." *Id.*

Under the reasonableness standard, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal [at the time removal was sought]." *Martin v. Franklin Capital Corp.*,

---

[1] The removal was based on federal question jurisdiction, not diversity (Dkt. #1 at p. 1). Still, the Court and parties agree that there is not complete diversity because Plaintiff and Olsen are both Texas residents (Dkt. #2 at p. 1; Dkt. #9 at p. 9).

546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 358 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "It is not necessary to show that a removing defendant acted in bad faith or other ulterior motive to award attorneys' fees under § 1447(c)." *Western Healthcare*, 2016 WL 7735761, at *2 (citation omitted).

The Court finds Olsen's removal objectively unreasonable and warrants attorney's fees. First, Olsen's reliance on the Consent Order as a basis for removal was wholly misplaced. Olsen sought to rely on the Consent Order, an agreement stemming from a banking investigation by the Department of the Treasury, as a basis to deny Plaintiff relief from state law breach of contract and fiduciary duty claims. In mounting this argument, Olsen did not cite any applicable case law and did not cite any language from the Consent Order supporting his interpretation (*See* Dkt. #1, Dkt. #9). Second, Plaintiff repeatedly attempted to coordinate with Olsen about the lack of merits to his removal, but Olsen refused to listen (*See* Dkt. #8, Exhibit 1) Third, Olsen did not even remove to the correct federal district court. Any removal should have been to the Northern District of Texas, not the Eastern District. Finally, and most egregiously, Olsen misrepresented facts and cited overruled cases in support of a tangential related defense of res judicata (*See* Dkt. #9 at pp. 15-16). Olsen cited these cases several times throughout his brief, which Plaintiff was forced to spend time researching and correcting. Together, Olsen's conduct was objectively unreasonable.

Having found Olsen's defense objectively unreasonable, the Court next considers what value of attorney's fees Plaintiff is entitled to recover. To determine whether fees "incurred as a result of removal" are reasonable, "[t]his Court uses the 'lodestar' method." *Western Healthcare*, 2016 WL 7735761, at *3 (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)). The lodestar method calculates a reasonable rate for attorney's fees by multiplying the

8

number of hours an attorney reasonably spent on the case by an appropriate hourly rate—the market rate in the community for this work by lawyers of reasonably comparable skills, experience, and reputation. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). Generally, the reasonable hourly rate is established through affidavits of other attorneys practicing. *Id.* However, the Court may also use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorney's services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

Plaintiff provides an affidavit requesting $9,780. Plaintiff apportions the hours spent as including drafting the motion to remand, reviewing the removal and various documents, conferences with co-counsel, researching and reviewing case law, drafting affidavits, and reviewing Olsen's response. Plaintiff asserts these tasks totaled 32.6 billed hours at a rate of $300 per hour. Considering the quality of Plaintiff's briefing and the depth of the issues raised by Olsen, the Court finds Plaintiff's estimate of hours to be reasonable. Further, the Court finds $300 per hour to a be a reasonable, if not conservative, estimate of a billable rate in the community. This finding is supported by Plaintiff's affidavit by attorney Jon Azano (Dkt. #14, Exhibit 1). Accordingly, Plaintiff's counsel is entitled to $9,780 in attorney's fees.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Dkt. #8) is **GRANTED**. It is further **ORDERED** that Defendant shall pay Plaintiff's attorney fees of $9,780.00. It is further **ORDERED** that the case is remanded to the 298th Judicial District of Texas for further proceedings.

**SIGNED this 19th day of May, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE